UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED PROPERTY AND CASUALTY INSURANCE COMPANY, *Plaintiff*, <br><br> v. <br><br> JENNIFER HILLGEN-SANTA, MICHAEL HILLGEN-SANTA, *Defendants*. | No. 3:21-cv-00543-VAB |

**RULING AND ORDER ON MOTION TO ALTER OR AMEND JUDGMENT**

United Property and Casualty Insurance Company ("United Property" or "Plaintiff") filed suit against Catherine Carmona, Walter Carmona, Jennifer Hillgen-Santa, and Michael Hillgen-Santa under the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201–2202, seeking a declaratory judgment that it was not obligated to defend or indemnify Ms. Carmona and Mr. Carmona ("the Carmonas") in connection with an underlying state court action brought by Ms. Hillgen-Santa and Mr. Hillgen-Santa ("the Hillgen-Santas" or "Defendants") against the Carmonas. Am. Compl., ECF No. 10 (June 3, 2021) ("Am. Compl."). United Property also sought a declaratory judgment that it had no obligation to the Hillgen-Santas in connection with the state court action. *Id.* ¶ 73.

On January 26, 2022, United Property and the Carmonas stipulated to a voluntary dismissal of the claims against the Carmonas, which the Court granted. Stip. of Voluntary Partial Dismissal, ECF No. 33 (Jan. 26, 2022); Order Dismissing Case as to Catherine Carmona and Walter Carmona, ECF No. 34 (Jan. 27, 2022). The same day, United Property moved for default judgment against the Hillgen-Santas, who have not appeared or responded to the Complaint or

Amended Complaint. Notice of Mot. for Default J., ECF No. 31 (Jan. 26, 2022); Aff. in Supp. of Default J., ECF No. 31-1 (Jan. 26, 2022) ("Def. Mot. for Default").

On July 6, 2022, the Court granted in part and denied in part United Property's motion for default judgment. Ruling and Order on Mot. For Default J., ECF No. 38 (July 6, 2022) ("Order"). The Court held that United Property has no duty to defend or indemnify the Carmonas under the personal liability provisions of the Homeowners Insurance Policy ("Policy") issued by United Property to the Carmonas. Am. Compl. ¶ 13; Ex. B to Compl., ECF No. 1-2 (Apr. 20, 2021) ("Policy"). The Court, however, denied United Property's request for a declaratory judgment that it had no duty to defend or indemnify the Carmonas under the personal injury addendum to the Policy with respect to the Hillgen-Santas' trespass and nuisance claims. Order at 18–19. The Court also held that United Property was not entitled to a declaratory judgment regarding the allocation of defense costs. *Id.*

United Property now moves to alter or amend the Court's judgment pursuant to Federal Rule of Civil Procedure 59(e) or, alternatively, Rule 60(b). Mem. of Law in Supp. of Mot. to Alter or Amend J., ECF No. 43 (Aug. 3, 2022) ("Mot. to Amend"). For the reasons explained below, United Property's motion is **GRANTED in part** and **DENIED in part**.

I.   STANDARD OF REVIEW

Rule 59(e) of the Federal Rules of Civil Procedure allows a party to move to "alter or amend a judgment" no later than 28 days after the entry of the judgment. Fed. R. Civ. P. 59(e). Courts consider a motion made under Rule 59(e) a motion for reconsideration.[1] *See Krohn v.*

---

[1] "An untimely motion for reconsideration is treated as a Rule 60(b) motion." *Lora v. O'Heaney*, 602 F.3d 106, 111 (2d Cir. 2010) (citing *Branum v. Clark*, 927 F.2d 698, 704 (2d Cir.1991)). Because United Property's motion was filed within 28 days of the Court's July 6 order, the Court considers it under Rule 59(e) rather than Rule 60(b).

*N.Y. City Police Dep't.*, 341 F.3d 177, 179 (2d Cir. 2003) (noting that a party timely filed for reconsideration under Fed R. Civ. P. 59(e)). "The standard for granting [a motion for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). "A motion for reconsideration is committed to the sound discretion of the court." Nygren v. Greater N.Y. Mut. Ins. Co., No. 3:07-CV-462 (DJS), 2010 WL 3023892, at *2 (D. Conn. Aug. 2, 2010) (internal citation and quotation marks omitted).

## II. DISCUSSION

United Property argues that the Court erroneously decided issues related to the Carmonas, who had been dismissed from the action. Mot. to Amend. at 1. The insurer asks the Court to strike from the Order all references to any duty to defend the Carmonas and any allocation of defense costs. *Id.* at 8. United Property also requests a default judgment that it has no obligation to the Hillgen-Santas.

The Court agrees, in part.

### A. Duty to Defend and Allocation of Defense Costs

Because the Carmonas had been dismissed as defendants, the only issue before the Court was United Property's potential obligation to the Hillgen-Santas. In fact, the Court noted in the Order that United Property's motion for a default judgment against the Carmonas was denied as moot because the Carmonas had been dismissed. *See* Order at 2 n.1. Therefore, the Court grants United Property' motion to alter or amend judgment, to the extent it seeks to remove references to United Property's duty to defend the Carmonas and the allocations of defense costs. *See* Mot.

to Amend at 8. An Amended Ruling and Order, filed concurrently with this Order, removes these references and clarifies that the Court's determination of the scope of the Policy relates only to United Property's potential obligation to the Hillgen-Santas.

Although the Carmonas were dismissed as parties to this action, United Property's potential obligation to the Hillgen-Santas derives from its duty to indemnify the Carmonas. *See* Conn. Gen. Stat. Ann. § 38a-321 (providing that a plaintiff who obtains a judgment against a defendant insured by a liability policy "shall be subrogated to all the rights of the defendant and shall have a right of action against the insurer to the same extent that the defendant in such action could have enforced his claim against such insurer"). As a result, the Amended Order refers to United Property's duty to indemnify under the Policy and relies on case law discussing an insurer's duty to indemnify and duty to defend. These references should not be construed as rulings on United Property's duty to defend or the allocation of defense costs, and they do not affect any agreement between the parties on these issues.

### B. Default Judgment Against the Hillgen-Santas

United Property also asks the Court to "grant the default judgment against the Hillgen-Santas." Mot. to Amend at 8. In the original Order, the Court denied United Property's request for a declaration that Policy does not cover the Hillgen-Santas' trespass and nuisance claims. Order at 18. The Court held that the Policy's "personal injury" addendum potentially covered these claims. *Id.* at 16–17. In its current motion, United Property offers no new arguments or information to show that this conclusion was erroneous. The Court therefore denies United Property's motion to alter or amend judgment, to the extent it seeks a declaration that United Property has no obligation to the Hillgen-Santas under the policy. See *Shrader*, 70 F.3d at 257

(finding that "a motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided.").

### III.   CONCLUSION

For the foregoing reasons, United Property's motion to alter or amend judgment is **GRANTED in part** and **DENIED in part**.

The Court's Ruling and Order on Motion for Default Judgment of July 6, 2022, ECF No. 38, is superseded by the Amended Order and Ruling on Motion for Default Judgment filed concurrently with this Order. The Amended Order removes references to United Property's duty to defend and the allocation of defense costs and clarifies that the Court's ruling addresses only United Property's potential obligation to the Hillgen-Santas. United Property is not, however, entitled to a declaration that it has no obligation to the Hillgen-Santas.

SO ORDERED at Bridgeport, Connecticut, this 23rd day of August, 2022.

/s/ Victor A. Bolden
VICTOR A. BOLDEN
UNITED STATES DISTRICT JUDGE